ANDREW W. SHIELDS, Respondent, v. KANSAS CITY SUBURBAN BELT RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 25, 1903.**

.Negligence: CUSTOM OF STOPPING TRAIN: SIGNALS: CONTRIBUTORY NEGLIGENCE: ASSUMPTION OF RISK. *Held*, the plaintiff fails to make out a case since his evidence fails to prove a custom among railroads to give a slow-up signal so as to enable a brakeman on top of a car to prepare himself for the jerk consequent on stopping a train, and because the evidence shows he was guilty of contributory negligence or assumed the risk.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED.

' *Lathrop, Morrow, Fox & Moore, Cyrus Crane* and *J. P. Gilmore* for appellant.

(1)   Plaintiff utterly failed to establish by sufficient proof any custom binding upon defendant, making it the duty of a switchman who had failed to uncouple cars for any reason, and found it necessary for him to stop the train on account thereof, to give a slow or cautionary signal to the engineer or to a man riding a proposed cut off cars, or either of them.   Shields v. Railroad, 87 Mo. App. 637; Cotton Press Co. v. Standard, 44 Mo. 71; Ins. Co. v. Neiberger, 74 Mo. 167; Walsh v. Transportation Co., 52 Mo. 434; Park v. Viernow, 16 Mo. App. 383; Boyd v. Graham, 5 Mo. App. 403: Hinton

v. Coleman, 45 Wis. 165; Power v. Kane, 5 Wis. 265; Sweet v. Leach, 61 Ill. App. 212; The Harbinger, 50 Fed. 941. (2) Even though defendant had failed to prescribe and enforce the slow or cautionary signal contended for by plaintiff, and was negligent therein, plaintiff knew of defendant's alleged failure to prescribe and enforce such rule, and knew of its alleged negligence therein, and he, therefore, assumed all risk therefrom, and can not recover. Secs. 504, 505, 1 Bailey's Pers. Inj. Rel. to Mas. and Serv.; 14 Am. and Eng. Ency. of Law (1 Ed.), 845; 20 Am. and Eng. Ency. of Law (2 Ed.), 118; Sec. 1289, 3 Elliott on Railroads, 2030; Bradley v. Railroad, 138 Mo. 293; Berning v. Medart, 56 Mo. App. 443; Railway v. Williams, 39 S. W. 967; Portance v. Coal Co., 101 Wis. 574; 77 N. W. 875; Bonnett v. Railroad (Tex.), 31 S. W. 535; Bonnett v. Railroad, 89 Tex. 250; Seldomridge v. Railroad, 46 W. Va. 569; 33 S. E. 293; Hughes v. Railroad, 27 Minn. 137; 6 N. W. 553; Bengston v. Railroad, 47 Minn. 486; 50 N. W. 531; Coal and Mining Co. v. Persons, 43 N. E. 651; Goldthwaite v. Railroad, 160 Mass. 554; 36 N. E. 436; Murch v. Thos. Wilson's Son & Co., 168 Mass. 408; 47 N. E. 111; Naylor v. Railroad, 53 Wis. 661; 5 Am. and Eng. Rd. Cas., 460; Sullivan v. Manfg. Co., 113 Mass. 396; Kelley v. Railroad, 53 Wis. 14; 5 Am. and Eng. Rd. Cas. 649; Leazott v. Railroad, 70 N. H. 5; 45 Atl. 1084; Dugal v. City, 101 Wis. 553; 77 N. W. 878; Railroad v. Minnick, 57 Fed. Rep. 362; Hunt v. Hurd, 98 Fed. Rep. 683; Flood v. Telegraph Co., 30 N. E. 196; Wormell v. Railroad, 79 Me. 321; 1 Am. St. 321. (3) Plaintiff had the choice of two ways, one of which was safe and the other dangerous, and he voluntarily chose the latter, and can not therefore recover. Secs. 1121 and 1123, Bailey's Pers. Inj. Relat. to Mast. & Serv.; Moore v. Railroad, 146 Mo. 572; Hurst v. Railroad, 163 Mo. 311; Railroad v. Bivins, 103 Ala. 142; 15 So. 514; Railroad v. Orr, 91 Ala. 548; 8 So. 360; Railroad v. Hoborn, 84 Ala. 133; 4 So. 146.

*P. D. Clear* for respondent.

ELLISON, J.—This is an action for personal injury. Plaintiff recovered judgment in the trial court in the sum of five hundred dollars.

It appears that plaintiff was a brakeman in defendant's employ and that defendant's switch crew in charge of a foreman were endeavoring to cut off four freight cars from the main train. That plaintiff was placed on top of one of the four cars so as to set the brake when the cars should be separated. That in endeavoring to pull out the pin holding the link which connected the cars, the foreman found it held fast; that he stepped from between the cars and instead of giving a signal to the engineer to slow up the train, he gave one to bring it to a full, or sudden stop, the effect of which was to throw plaintiff off the car. A full statement of the case may be found reported in 87 Mo. App. 637, it having been here on a former appeal. We reversed the cause then on account, among other things, of plaintiff not having proved a custom among railroads to first give a slow up signal, so as to enable a brakeman in plaintiff's situation to prepare himself for the jerk consequent on stopping the train. And that negligence in failing to adopt proper rules regulating the switching of cars had not been pleaded by plaintiff. Plaintiff filed an amended petition setting up the failure of defendant to adopt the rules to which we have referred.

While the defendant, as appellant, has filed an elaborate brief demonstrating from its point of view that plaintiff has totally failed to make out a case against it, plaintiff has not seen fit to make any answer thereto by any showing in his own behalf. It was perhaps unnecessary that he do so, for we are satisfied that his case must fail. In the first place, there was a failure to prove the custom alleged in the manner required in the opinion in the case when first here. Secondly, we are

of the opinion that if negligence on defendant's part should be conceded, the plaintiff was clearly guilty of contributory negligence, or that he at least assumed the risk of injury. He was a man of experience in railroading and his own statement shows that he placed himself in the perilous situation with full knowledge of the probable results, and that there was no rule adopted by defendant, or enforced by it, as to the signals which should be given.

The judgment will be reversed.    All concur.